IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00025-ZLW-MEH

JASON LEE MARKER,

        Petitioner,

v.

J. M. WILNER, Warden, FCI-Florence,

        Respondent.

---

## RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Jason Lee Marker's Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241[filed January 7, 2009; docket #2]. Pursuant to 28 U.S.C. § 636(b)(1)

and D.C. Colo. LCivR 72.1C, the petition is referred to this Court for recommendation. (Docket

#15.) The petition is briefed and oral argument would not materially assist the Court in its

adjudication. Based on the record contained herein, the Court **RECOMMENDS** that Jason Lee

Marker's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED**.[1]

---

[1]The parties are advised that they shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the

## I.     Background

Applicant is presently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Florence, Colorado.[2]  (Docket #14 at 1; docket #3 at 2.)  On November 9, 2005, the United States District Court for the District of Montana sentenced Applicant to a total term of sixty months of imprisonment followed by three years of supervised release, after he pled guilty to charges of Felon in Possession of a Firearm and Counterfeiting Obligations of the United States in violation of Section 922(g)(1) of 18 U.S.C.  (Docket #3 at 2; docket #14 at 1; docket #14-2 at 2.)  Applicant's projected release date is November 4, 2010.[3]

Applicant initiated this action by filing *pro se* his Section 2241 application on January 7, 2009.  The government submitted a preliminary response on February 17, 2009, as ordered by the Court, indicating Respondent did not intend to assert the defense of failure to exhaust administrative remedies.  (Docket #7.)  The government filed a response to an Order to Show Cause on March 27, 2009, and an identical response to the Section 2241 application on March 30, 2009.  (Dockets ##12, 14.)  The application was referred to this Court on April 1, 2009.  (Docket #15.)  Applicant filed a "response" to the government's responses on April 14, 2009.  (Docket #16.)

## II.    Facts

Applicant contends that he should be credited with 410 days of detention credits pursuant to Section 5G1.3(b)(1) of the United States Sentencing Commission Sentencing Guidelines.

---

Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]The Court confirmed Applicant's location and release date on December 7, 2009, through the BOP Inmate Locator website *available at* http://www.bop.gov/iloc2/LocateInmate.jsp.

[3]*Id.*

(Docket #2 at 2; docket #3 at 1-2; docket #14 at 1.)  Applicant believes that the time he spent in federal custody before federal sentencing should be applied to his federal sentence as pre-trial detention credit.  (Docket #3 at 2-3.)  Moreover, Applicant asserts that the time spent at a Montana state correctional facility after his federal sentencing, and before surrender into the custody of the federal Bureau of Prisons, should count as post-conviction credit.  (*Id.* at 3.)  By Applicant's calculation, his incarceration between May 18, 2005 and June 30, 2006, a total of 410 days, was not applied to satisfy any other prison or jail sentence and thus should reduce the sentence he currently serves.  (*Id.*)    According to the declaration submitted by the government, Applicant was paroled on October 27, 2003, from a five-year sentence imposed by the state of Montana.  (Docket #14-2 at 2.)  Subsequently, on April 8, 2004, local law enforcement in Jefferson County, Montana, arrested Applicant for an unrelated charge.  (*Id.*)  Jefferson County detained Applicant pending the revocation of his parole by Montana state.  The state of Montana revoked Applicant's parole on May 14, 2004, and he was returned to the custody of the Montana Department of Corrections.  The sentence resulting from the Jefferson County arrest was ultimately vacated, but the revocation of his parole from the earlier offense continued in effect and Applicant remained in the custody of the state of Montana.  (*Id.*)

Although the Jefferson County sentence was vacated, the facts of the incident on April 8, 2004, implicated federal jurisdiction as Applicant "was in possession of a firearm and counterfeit money, which resulted in the instant offense."  (*Id.*)  Thus, on November 9, 2005, Applicant appeared in federal court to hear the sentence he presently serves, a sixty month term plus three years supervised release.  (*Id.* (citing docket #14-2 at 7-16).)  The government represents that at the time of federal sentencing, Applicant "was in the primary custody of the state of Montana serving a state sentence."  (*Id.* at 3.)  Montana released Applicant from its custody on June 27, 2006, and

3

transferred Applicant to the United States Marshals Service on July 1, 2006.  The government attests the state of Montana credited Applicant's state sentence with the term from October 27, 2003, through June 27, 2006.  (*Id.*)  The government asserts that Applicant's federal sentence commenced on July 1, 2006, and he received prior custody credit for June 28, 29, and 30, 2006.  (*Id.*)

## III.    Legal Standard

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers.  [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Court should not be the *pro se* litigant's advocate.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."  *Hernandez v. Davis,* No. 07-cv-02406-REB-MEH, 2008 WL 2955856, at *7 (D. Colo. July 30, 2008) (citing *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001) (emphasis added)).  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  *E.g., Hobbs v. Rios*, 215 F. App'x 773 (10th Cir. 2007) (evaluation of request for sentence reduction due to completion of RDAP pursuant to Section 2241).  Here, Applicant correctly filed his petition

4

pursuant to 28 U.S.C. § 2241 in the District of Colorado where he was incarcerated at the time of filing.

## IV.    Analysis

As is typical in Section 2241 cases challenging the computation of a sentence, the chronology of events combined with a perceived uncertainty as to federal or state custody can create confusion for inmates.  However, after review of the pertinent dates and occurrences in this matter, the Court concludes that Section 3585(b) of 18 U.S.C. precludes the relief requested.

First, the Court notes that it is unclear whether the November 9, 2005 federal sentence was designated to run consecutively or concurrently with any other sentence.  Applicant argues that this sentence was purposed to run concurrently with the state sentence.  (Docket #16 at 3.)  However, although the Judgment establishes that the sixty-month term runs concurrently regarding Counts 1 and 2 of the Superceding Information, nothing in the Judgment identifies whether the federal sentence, in its entirety, is to run consecutively or concurrently to any other sentence.  (*See* Attachment 1, docket #14-2 at 7-16.)  In the government's response, the government indicated it contacted the federal sentencing court on February 20, 2009, regarding Applicant's request for a retroactive designation of his sentence as concurrent.  (Docket #14-2 at 4.)  This Court issued a minute order on November 13, 2009, directing the government to file the reply of the sentencing court, and if no reply was returned, to submit a report regarding the status of Applicant's retroactive designation request.  (Docket #17.)  On November 30, 2009, the government filed a status report indicating that the federal sentencing judge had not yet responded to the initial contact, thus the status of Plaintiff's sentence computation remains unchanged.[4]  (Docket #18 at 1.)

---

[4]In the declaration accompanying the status report, the federal Bureau of Prisons' representative states that Applicant's request for a retroactive sentence designation as concurrent is considered denied in the absence of a response from the federal sentencing judge.  (Docket #18-2

The government represents that, "[w]hen there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with on another, the sentences run consecutively." (Docket #14-2 at 4-5.) The Court agrees. Section 3584 of 18 U.S.C. establishes that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." As held by the Tenth Circuit, "the presumption of concurrent sentences affects only sentences 'imposed at the same time,'" which is not the case here. *United States v. Eccleston*, 521 F.3d 1249, 1254 (10th Cir. 2008) (referring to *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (stating Section 3584(a) does not apply when a state sentence is imposed after the imposition of a federal sentence)). The state and federal sentences were imposed at different times, and the federal court was silent as to whether the federal sentence was to run consecutively or concurrently. Therefore, consistent with the governing statute and precedential interpretation, Applicant's federal sentence runs consecutively to the original Montana sentence.[5]

Second, the Court recognizes that, as Applicant's federal sentence runs consecutively to the original Montana sentence, Section 3585(b) of 18 U.S.C. bars awarding Applicant double credit for the time served and credited to the satisfaction of his state sentence. Section 3585(b) provides as follows:

> (b) Credit for prior custody. - - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the

at 2.)

[5]Additionally, as to Applicant's argument that Section 5G1.3(b)(1) of the United States Sentencing Commission Sentencing Guidelines requires time credit as he requests, the Tenth Circuit has "repeatedly recognized the obvious rule that statutes trump the guidelines when the two conflict." *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994) (citations omitted).

date the sentence commences - -
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the
>   commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

On its face, Section 3585(b) precludes the application of time credited against another sentence to the calculation of a federal term of imprisonment, which is exactly what Applicant seeks. "Congress made clear that a defendant could not receive double credit for his detention time." *Wilson*, 503 U.S. at 337. *See also Azure v. Gallegos*, 97 F. App'x 240, 246 (10th Cir. 2004) (citing to Section 3585(b) for not crediting time served to a federal sentence as it had been credited against the state sentence in question).

A federal sentence commences on the date that the defendant is received in custody to begin his sentence. 18 U.S.C. § 3585(a). According to the federal Bureau of Prisons, the state of Montana released Applicant to exclusive federal custody on July 1, 2006, which initiated the federal sentence issued on November 9, 2005. (Docket #14-2 at 3.) The few days between release from the state of Montana and exclusive federal custody, June 28 through June 30, 2006, were credited to Applicant's federal sentence as prior custody credit. (*Id.*) The time Applicant served before his release into exclusive federal custody, other than the few days between release from the Montana state Department of Corrections and detention by the federal system, was credited in satisfaction of the Montana state sentence. (*Id.*) The federal Bureau of Prisons documentation indicates that Applicant's state sentence completed on June 27, 2006, the date the federal sentence computation began was July 1, 2006, and Applicant received jail credit for June 28 through June 30, 2006.[6] (*Id.*

---

[6]Notably, by statute, it is ultimately within the federal Bureau of Prisons' discretion whether to award credit for state time served. *See United States v. Hernandez*, 278 F. App'x 826, 839 (10th Cir. 2008) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.")).

at 26, 28.)

The Court agrees with the government's assertion that only time subsequent to the date that Applicant was transferred into exclusive federal jurisdiction and any previous time not credited towards another sentence can be credited towards his federal sentence.  Thus, Applicant is not entitled to credit against his federal sentence for time credited to his state sentence.  As the federal Bureau of Prisons properly computed the federal sentence, the Court finds Applicant's claim lacks merit and recommends the Section 2241 Application be denied.

## V.    Conclusion

Accordingly, for the reasons stated above, the Court **RECOMMENDS** Applicant Jason Lee Marker's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241[filed January 7, 2009; docket #2] be **DENIED**.

Dated at Denver, Colorado, this 16th day of December, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge